UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Lee Wright #331298;<br><br>           Plaintiff,<br><br>  v.<br><br>Officer Wellington Williams,<br><br>           Defendant. | C/A No.  5:12-cv-1748-TMC-KDW<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendant Wellington Williams violated his civil rights. This matter is before the court on the Motion for Summary Judgment filed by Defendant on January 9, 2013.  ECF No. 39.  As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on January 10, 2013, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 40.  Plaintiff responded to Defendant's Motion for Summary Judgment on March 5, 2013 making this motion ripe for consideration. ECF No. 51.  This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.   Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

1

I.   Background

Plaintiff Timothy Lee Wright is an inmate currently incarcerated at Lieber Correctional Institution. ECF No. 1 at 2.  Plaintiff filed his Complaint on June 26, 2012 asserting a claim for excessive force in violation of the Eighth Amendment.  *Id.* at 1.  Specifically, Plaintiff contends that on April 2, 2011, Defendant Williams opened the window flap on Plaintiff's cell door, and as Plaintiff was handing Defendant Williams his food tray, Defendant Williams took a piece of bread from Plaintiff's tray and "threw it at Plaintiff striking him in the chest."  *Id.* at 3.  Plaintiff alleges that Defendant Williams closed the window flap and then grabbed his gas, snatched the window flap back open and proceeded to spray Plaintiff with chemical munitions, "all without provocation from Plaintiff."  *Id.*  Plaintiff contends that he attempted to block the gas from entering his cell by placing his right hand in the window flap, and Defendant Williams slammed his right hand in the window flap, causing Plaintiff's hand to be injured.  *Id.* at 4.  Plaintiff seeks declaratory relief; punitive damages in the amount of $40,000; and attorney fees.

II.   Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

    III.    Analysis

        A.  Eleventh Amendment

Defendant Williams is entitled to summary judgment to the extent Plaintiff is suing him in his official capacity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

As Defendant Williams is an agent or employee of the State of South Carolina, when acting in his official capacity, he is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A State cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case. S.C. Code Ann. § 15-78-20(e). As an arm of the State, Defendant Williams is immune from suit under the Eleventh Amendment. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Williams in his official capacity be dismissed.

### B. Excessive Force

Defendant argues that he is entitled to summary judgment because Plaintiff has not produced any evidence that he used excessive force. ECF No. 39-1 at 5. Defendant offers his affidavit, the Use of Force Report and MIN narrative in support of his argument. ECF Nos. 39-6, 39-7, 39-8. Defendant contends that Plaintiff admits that he had "his right arm extended through the cell door food service flap following the exchange with the food tray." ECF No. 39-1 at 6. Defendant attests that he asked Plaintiff several times to "remove his arm through the door flap," but Plaintiff refused to comply, and attempted to assault Defendant. ECF No. 39-3 at 3. Defendant avers that he then pinned Plaintiff's "outstretched arm between the cell door and flap" and administered chemical munitions to prevent further assault. *Id.* Defendant argues that Plaintiff's injuries were "*de minimis*" and therefore "insufficient to prevail on an excessive force claim." *Id.* at 7. In opposition to this argument, Plaintiff contends that summary judgment should be denied because there are genuine issues of material fact. ECF No. 51 at 5. Plaintiff

argues that he did not extend his arm out of the food service flap to assault Defendant, but to block the chemical munitions Defendant sprayed. *Id.* Plaintiff contends that once he extended his arm, Defendant slammed the food service flap on his right hand causing injury. *Id.* Plaintiff alleges that Defendant was not making a good faith effort to maintain or restore discipline when he "maliciously and sadistically" slammed Plaintiff's hand in the food service flap. *Id.* at 5-6. Plaintiff further argues that Defendant provoked Plaintiff when he struck Plaintiff with a food item from his tray. *Id.* Plaintiff offers his own affidavit, his medical records, affidavits from Inmates Terrance Griffin and Christopher Lane, and Defendant's response to his discovery requests in support of his contentions. ECF Nos. 51-3, 51-4.

The Eighth Amendment prohibition of cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)). Thus, courts must analyze both subjective and objective components.

For the subjective component, Plaintiff must prove that Defendant acted "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The Supreme Court has identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3)

5

"the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." *Whitley*, 475 U.S. at 321. The absence of significant injury alone, however, is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1179 (2010). The extent of the injury incurred is one factor indicative of whether the force used was necessary in a particular situation; however, if the force used was applied maliciously and sadistically, liability is not avoided simply because the prisoner "had the good fortune to escape serious harm." *Id.* at 1179. As the Court noted in *Wilkins*, the issue is the nature of the force, not the extent of the injury.

Although the parties dispute the reasons why Plaintiff's hand was in the food service flap and why Defendant deployed chemical munitions, Plaintiff has not been able to create a genuine issue of material fact concerning whether Defendant acted "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley*, 475 U.S. at 321. The record indicates that, at the least, Plaintiff's hand was extended impermissibly through the food service flap and Defendant deployed force to cause Plaintiff to remove his hand. Further, although Defendant does not address the injuries to Plaintiff's hand, the undersigned finds that Plaintiff's hand injuries would not have occurred if Plaintiff did not have his hand improperly placed in the food service flap. Based on the evidence in the record, the undersigned cannot find that the amount of force utilized by Defendant was unnecessary or excessive. Accordingly, the undersigned recommends that Defendant be granted summary judgment.

### C.  Qualified Immunity

Defendant asserts that he is entitled to qualified immunity. ECF No. 39-1 at 8-10. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in

determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case -- that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted -- then the law affords immunity from suit." *Id*. (citations and internal quotation omitted).

The record before the court shows that Defendant performed the discretionary functions of his official duties in an objectively reasonable fashion. Defendant did not transgress any statutory or constitutional rights of Plaintiff that he was aware of in the exercise of his professional judgment. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendant be granted qualified immunity.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that the Defendant's Motion for Summary Judgment, ECF No. 39, be granted and that this case be dismissed.

IT IS SO RECOMMENDED.

March 15, 2013                                              Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**