IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Timothy Lee Wright, #331298; ) | |
| ) | Civil Action No. 5:12-1748-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Officer Willington Williams, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Timothy Lee Wright ("Wright"), proceeding pro se, brought this 42 U.S.C. § 1983 action against the defendant, Officer Wellington Williams ("Williams"), alleging that Williams violated his Eighth Amendment rights by using excessive force against him. Williams has moved the court for summary judgment his favor, asserting that he is entitled to Eleventh Amendment Immunity and qualified immunity, and that Wright has failed to present evidence of malicious force. (Dkt. No. 39-1.) Wright opposed Williams's motion. (Dkt. No. 51-1.)

Pursuant to 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02(B)(2), this case was referred to a magistrate judge for all pre-trial proceedings. This matter is now before this court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Williams's motion for summary judgment.[1] (Dkt. No. 54.) Wright has filed objections to the Report. (Dkt. No. 59.) Accordingly, this case is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. Background

Wright alleges that, on April 2, 2011, Williams came to his cell and asked him to return his food tray through the cell door window. According to Wright, he complied, and then Williams took a piece of food from the tray and threw it at Wright. Then, Wright claims he saw Williams reaching for his chemical munitions, so he raised his right arm to block the spray. Williams sprayed Wright's arm and closed it in the cell door window flap. Wright alleges that this incident occurred without provocation. On the other hand, Williams alleges that he sprayed Wright's arm only after Wright attempted to assault him and refused to remove his arm from the flap so that Williams could secure the cell door.

## II. Legal Standard

Summary judgment is appropriate if, after reviewing the entire record in a case, the court is satisfied that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under the governing substantive law. *Id.*

## III. Discussion

To establish a claim for excessive force under the Eighth Amendment, an inmate must show that the prison official acted "maliciously and sadistically for the very purpose of causing harm," rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). In making this determination, courts should consider: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; and (4) the extent of the threat to the safety of staff and inmates as

reasonably perceived by the responsible officials on the basis of the facts known to them. *Id.* at 321. Importantly, the absence of significant injury, alone, is not dispositive of an excessive force claim. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992).

Williams asserts, and the Report agrees, that Wright has not created a genuine issue of material fact concerning whether Williams acted maliciously and sadistically, rather than in a good-faith effort to maintain or restore discipline.[2] The court, respectfully, disagrees.

In his response to the summary judgment motion and objections to the Report, Wright specifically asserts that the use of force was without provocation or need, that Williams was not making a good-faith effort to maintain or restore discipline, and that Williams acted maliciously and sadistically. In support, Wright attaches his own affidavit and those of two fellow inmates who attest to witnessing the incident. All three statements depict a malicious and unprovoked attack.

The court cannot ignore such contradictory accounts of material facts. For these reasons, the court finds that summary judgment is not appropriate at this time.

In addition, the court disagrees with the Report's analysis of qualified immunity in this case, and instead finds that, in light of the significant variations in the parties' factual accounts, it cannot make a finding as to qualified immunity. However, the court does agree that, the Eleventh Amendment protects Williams from any claim against him in his official capacity. *See Will v. Michigan Dep't of State* Police, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983"); *Edelman v.* Jordan, 415 U.S. 651, 663 (1974). So, to that extent, Williams is entitled to summary judgment.

---

[2] The court acknowledges that Williams also argues that Wright's injuries are *de minimus*. However, in light of the Supreme Court's holding in *Wilkins v. Gaddy*, 559 U.S. 34 (2010), these arguments lack merit.

## IV. Conclusion

Accordingly, the defendant's motion for summary judgment (Dkt. No. 39) is **GRANTED** in part, as to claims against him in his official capacity and **DENIED** in part, as to all other claims.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
Timothy M. Cain  
United States District Court Judge

April 12, 2013  
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.